**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| SEAN ASGARI, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 26-3172-BAH |
| ROBIN LYNN BEERS ET AL., | * | |
| Defendants. | * | |

* * * * * * * * * * * * * *

**MEMORANDUM AND ORDER**

On August 12, 2026, Plaintiff Sean Asgari ("Asgari"), proceeding pro se, removed this action to this Court from the Circuit Court of Maryland for Harford County. ECF 1. Asgari did not attach any state court documents to the notice of removal, but the Court takes judicial notice of the complaint filed on June 3, 2025, by Asgari and Mary Cambpell (who does not join the notice of removal) against Defendants Robin Lynn Beers and Jacob Tyler Browne (collectively, "Defendants"). *See* Case No. C-12-cv-25-000469 (Cir. Ct. Harford Cnty.), https://mdecportal.courts.state.md.us/MDODYSSEYPORTAL/Home/WorkspaceMode (last visited Sept. 9, 2026).[1] After the Clerk issued Asgari a deficiency notice, ECF 5, he filed a corrected motion for leave to proceed in forma pauperis, ECF 7, which shall be granted. Defendants moved to remand on September 8, 2026. *See* ECF 9. Asgari has not yet responded to the motion, but given the obvious deficiencies with removal and this Court's lack of subject matter jurisdiction, no response is necessary. The motion will be granted.

[1] Pursuant to Fed. R. Evid. 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

The Court will remand this action back to state court for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The Court must have subject matter jurisdiction either based on diversity of citizenship or a federal question. 28 U.S.C. §§ 1331, 1332(a)(1). Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy over $75,000. 28 U.S.C. § 1332(a)(1). Federal question jurisdiction is determined "by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting that federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it").

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc.*, 482 U.S. at 392; *see also* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants* . . . . (emphasis added)); *id.* § 1446(a) ("*A defendant or defendants* desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . ." (emphasis added)).

First, remand is proper because Asgari is a plaintiff and therefore cannot remove the state court action to this Court. *See Caterpillar Inc.*, 482 U.S. at 392; 28 U.S.C. §§ 1441(a), 1446(a).

Further, a review of the state court complaint makes clear that this Court does not possess subject matter jurisdiction. The complaint alleges two counts based in negligence (state law claims) resulting from a motor vehicle accident. There therefore is no federal question jurisdiction. Moreover, all parties are citizens of the state of Maryland, so there is not complete diversity of citizenship. Without subject matter jurisdiction, the Court must remand this action.

For these reasons, it is, by the United States District Court for the District of Maryland, hereby ORDERED that:

(1) Asgari's motion for leave to proceed in forma pauperis, ECF 7, is GRANTED;

(2) Defendants' motion to remand, ECF 9, is GRANTED;

(3) The case is REMANDED to the Circuit Court for Harford City;

(4) The Clerk is directed to MAIL a copy of this memorandum and order to Asgari and counsel of record; and

(5) The Clerk is directed to CLOSE this case.

Dated: September 10, 2026

/s/
Brendan A. Hurson
United States District Judge